## McCOLL v. McCOLL.

(Supreme Court, Special Term, New York County.　September, 1908.)

DIVORCE—SEPARATION—NONRESIDENT DEFENDANT.

Under Code Civ. Proc. § 1763 (3), providing that an action for separation may be maintained where the parties, having been married without the state, have become residents of the state and have continued to be residents thereof at least one year and the plaintiff is such a resident when the action is commenced, it is immaterial, in such an action by the wife, that the husband has been a nonresident for the two years prior to the action.

Action by Marie McColl against Edmund S. McColl.　Plaintiff moves for alimony and counsel fee.　Motion granted.

William C. Relyea, for the motion.
McKeen, Brewster & Morgan, opposed.

GIEGERICH, J.　This is an application by the wife, the plaintiff in an action for a separation, for alimony during the pendency of the action and for a counsel fee to enable her to prosecute the action.　The parties were married without the state on August 8, 1898.　The complaint, among other things, alleges:

"That the plaintiff and defendant have, since their marriage, become residents of this state, and remained such residents for a period of one year and upwards from June 1, 1904, and the plaintiff was at the time of the commencement of this action, and still is, a resident of this state, and plaintiff in informed and verily believes that the defendant is still a resident of this state."

Section 1763 of the Code of Civil Procedure provides that an action for a separation may be maintained in either of the following cases:

"(1) Where both parties are residents of the state when the action is commenced. (2) Where the parties were married within the state and the plaintiff is a resident thereof when the action is commenced. (3) Where the parties, having been married without the state, have become residents of the state and have continued to be residents thereof at least one year, and the plaintiff is such a resident when the action is commenced."

The defendant contends that the action cannot be maintained, because it appears from the uncontradicted averments of his opposing affidavit that he "is a nonresident of the state of New York, and has not resided within said state for more than two years last past"; but, even conceding this to be so, the allegations of the complaint above set forth bring the case very plainly within the language of the third subdivision of said section.　It clearly appears from such allegations of the complaint that the parties became residents of this state in 1904, and that they continued to reside therein for a period of one year and upwards thereafter, which is all that is required where the

plaintiff is a resident when the action is commenced. Ramsden v. Ramsden, 28 Hun, 285. Although the defendant may not have been a resident of the state for the past two years, yet as it is alleged in the complaint, and not denied by the defendant, that the parties took up their residence here in June, 1904, they still appear to have been such residents for two years preceding the defendant's removal from the state.

After reading all the papers submitted, I think that the defendant should continue to pay the plaintiff the sum of $5 per week for her support and maintenance during the pendency of the action, and should pay a counsel fee of $40, which may be paid in such installments as shall be provided in the order to be entered hereon, which may be presented on the usual notice of settlement.